IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01652-RBJ-STV

GREGORY TUCKER,

    Plaintiff,

v.

FAITH BIBLE CHAPEL INTERNATIONAL, a Colorado non-profit corporation,

    Defendant.

---

**JOINT STATUS REPORT**

---

Pursuant to Magistrate Judge Varholak's December 20, 2023 order at Dkt. 116, the parties submit the following Joint Status Report:

**PLAINTIFF'S POSITION**

On December 8, 2023, the parties participated in a mediation with Magistrate Judge Varholak. Tucker, and his counsel, believe that Tucker entered into a binding agreement by accepting a proposal submitted by FBCI's counsel at the settlement conference. FBCI apparently disagrees. Since that time, without waiving a right to enforce the original agreement, the parties have exchanged additional drafts of a settlement agreement. At this point, Tucker believes potential resolution of this matter will require further Court supervision. Tucker believes that FBCI failed to attend the first mediation with individuals having full authority to settle the case and would like the opportunity to discuss the consequences of having done so with the Court. By continuing these discussions, Tucker does not waive any rights to enforce the agreement reached

1

by the parties on the day following the mediation. In accord with Mr. Blomberg's suggestion, Plaintiff would like to submit a confidential statement at the end of the week.

## DEFENDANT'S POSITION

This is an employment lawsuit by a religious leader against his former religious employer concerning a religious dispute that led to the end of their employment relationship. Under the facts now developed in the case, including recent concessions by Plaintiff Gregory Tucker about his duties as a teacher of religion, Defendant Faith Bible Chapel believes that it has extremely strong constitutional and statutory defenses against Tucker's Title VII claim. *See, e.g.*, *Our Lady of Guadalupe v. Morrissey-Berru*, 140 S. Ct. 2049 (2020) (barring Title VII claims by religion teachers); *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648 (10th Cir. 2002) (barring Title VII claims arising from a religious dispute); Exhibit 1. Faith Bible is confident that Tucker's claims are barred by law.

Nonetheless, Faith Bible was willing to explore settlement to avoid the intrusion, distraction, controversy, and expense caused by a possible trial. This dispute has been ongoing for six years and has included times of intense public controversy that harmed Faith Bible and its high school at which Tucker was employed, a school which has since closed. Defending against Tucker's false allegations has required depositions of Faith Bible's senior leadership and production of over ten thousand pages of documents, including private communications regarding Faith Bible's internal religious decision-making and sensitive communications within its religious community regarding a religious dispute. More depositions remain outstanding in the case, and the district court has indicated that it expects the case will likely proceed to a full merits trial. Already, before even reaching those additional depositions and trial, the trial-level litigation alone has required

significant motion practice and cost hundreds of thousands of dollars.

Faith Bible accordingly accepted the district court's encouragement to engage in mediation before Magistrate Judge Varholak. In compliance with Judge Varholak's November 8 order to come to mediation with full authority to settle, Dkt. 111, Faith Bible repeatedly convened its church leadership for deliberations over acceptable terms of settlement and prepared a detailed pre-settlement Confidential Statement explaining its ultimate position. Faith Bible attended the December 8 mediation with its Lead Pastor, Jason King; its Executive Pastor, Jim Marsh; its Director of Operations, Matt Widdifield; and the vice president of its governing religious body, Brian Wall. Faith Bible also brought a representative of its insurer and brought its legal counsel, Robert Hatch, Daniel Blomberg, and Kelly Oeltjenbruns. Faith Bible was ready, willing, and able to settle. And after over five hours of mediation, Faith Bible was optimistic that the parties would be able to resolve the case.

Unfortunately, that has since proven untrue, despite numerous phone calls, emails, and exchanged settlement drafts between the parties over the last month. Faith Bible's lawyers have diligently been working together almost daily for a month, including on weekends and during the holidays, to find mutually agreeable solutions, and have been in regular contact with church leadership for direction. As part of this effort, Faith Bible has sought to accommodate settlement requests from Tucker as much as it possibly can without doing harm to its ministry, even on requests from Tucker for concessions that are very unusual in the context of cases like this. Despite these efforts, Faith Bible has not been able to find a resolution with Tucker.

Tucker's counsel has instead taken the position that Faith Bible made a binding oral agreement on a certain subset of settlement terms, and that Faith Bible is now bound by those terms

for any ultimate settlement between the parties. Tucker's counsel has informed Faith Bible that Tucker will not consider any proposal that Tucker's counsel deem to be less generous than those alleged oral terms. And when Faith Bible explained that no such binding terms existed, Tucker's counsel threatened sanctions.

Tucker's counsel's position is wrong, as evinced by communications during the mediation before Judge Varholak and by all relevant written communications between the parties since that time. Moreover, the alleged terms and explanation about them from Tucker's counsel—including when the "agreement" was formed, how it was formed, and which terms it actually concerned—have been constantly shifting. Faith Bible is struggling to understand how Tucker's counsel can hold this position and is discouraged by how that position has prevented reaching a settlement. To respect the confidentiality of the substance of settlement discussions, Faith Bible cannot provide a full explanation of its views in this status report. But, consistent with the November 8 order regarding submitting mediation information to Judge Varholak, Dkt. 111, Faith Bible respectfully suggests that the parties be permitted to submit a confidential statement to Judge Varholak's chambers later this week regarding their respective views. Faith Bible's confidential statement would show that the parties never reached any oral agreement on settlement terms, and would include copies of the relevant written settlement communications between the parties' counsel.

Regardless, given Tucker's counsel's position and the manner in which they are responding to Faith Bible's good-faith settlement efforts (including, but not limited to, threatening sanctions to influence negotiations), Faith Bible does not believe additional settlement discussions can be fruitful at this point and plans to proceed with discovery. Faith Bible regrets any inconvenience to Judge Varholak and is grateful for his assistance in the mediation efforts.

Respectfully submitted,

*s/ Jeremy A. Sitcoff*
Peter G. Friesen
Bradley A. Levin
Jeremy A. Sitcoff
LEVIN SITCOFF PC
1512 Larimer, Suite 650
Denver, Colorado 80202
T: (303) 575-9390
E: pgf@levinsitcoff.com
bal@levinsitcoff.com
jas@levinsitcoff.com
*Attorneys for Plaintiff*

*s/ Christopher N. Loy, Jr.*
Robert W. Hatch, II
Christopher N. Loy, Jr.
HATCH RAY OLSEN CONANT LLC
730 Seventeenth Street, Ste. 200
Denver, Colorado 80202
T: (303) 298-1800
E: rhatch@hatchlawyers.com
cloy@hatchlawyers.com
*Attorneys for Defendant*