IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:19-cv-01652-RBJ-STV

GREGORY TUCKER,

Plaintiff,

v.

FAITH BIBLE CHAPEL INTERNATIONAL, a Colorado non-profit corporation,

Defendant.

## MOTION FOR EXTENSION OF TIME
## TO THE FEBRUARY 9 DISPOSITIVE MOTION DEADLINE

Defendant respectfully submits this Motion for Extension of Time to the upcoming February 9, 2024 dispositive motion deadline, requesting a 28-day extension of dispositive motion deadline that would set the deadline for **March 8, 2024**. Defendant's request respects the interests in maintaining the current trial date that this Court identified in its January 21, 2024 order without prejudicing Defendant's ability to present its federal constitutional and statutory defenses. Defendant has been diligently pursuing settlement to avoid further intrusion and burden on its religious ministry. This includes participating in the December 8, 2023 mediation, engaging in extensive negotiations, and preparing for a hearing set for January 30, 2024 before Magistrate Judge Varholak. It also includes Defendant's agreement to suspend several depositions after the mediation conference and to extend discovery deadlines until March 7, 2024. Final depositions have accordingly not yet been completed, and the February 9, 2024 dispositive motion deadline is less than 15 business days away. Plaintiff does not consent to the extension.

In support of this motion, Defendant states:

1. On November 2, 2023, this Court referred the parties to Magistrate Judge Varholak for mediation. Dkt. 107.

2. The parties continued discovery through the month of November and into December, with Defendant producing thousands of pages of documents and the parties scheduling several depositions for mid-December.

3. On December 1, 2023, the parties submitted confidential mediation statements to Magistrate Judge Varholak. On December 8, 2023, the parties engaged in a lengthy mediation conference before Magistrate Judge Varholak.

4. On December 12, 2023, shortly after the mediation conference, the parties agreed to cancel the scheduled depositions and to toll all discovery deadlines until January 22, 2024, which gave the parties 30 days after January 22, 2024, to complete discovery if a settlement was not finalized.

5. As discussed in a joint status report submitted on January 8, 2024, despite diligently engaging in substantial negotiations over the holidays, the parties were not able to reach an agreement. *See* Dkt. 118 at 3; *see also* Dkt. 117 (providing a status report on January 3, 2024, that settlement negotiations remained ongoing).

6. Accordingly, on January 8, 2024, Magistrate Judge Varholak issued an order setting a hearing for January 30. Dkt. 119.

7. The parties thereafter agreed to extend the tolling to February 6, 2024, which will give the parties until March 7, 2024, to complete discovery if settlement is not finalized.

8. There are two other upcoming litigation deadlines in this case: the dispositive motions deadline on February 9, 2024, and the trial date on June 24, 2024. *See* Dkts. 102, 103.

9. On January 19, 2024, the parties requested a 60-day extension of these deadlines. *See* Dkt. 121.

10. On January 21, 2024, this Court denied the motion on the grounds that the case had been pending since 2019 and that a fixed trial date would motivate settlement. *See* Dkt. 122.

11. Taking this Court's instruction to heart, Defendant's instant motion does not seek an extension of the trial date. *See* Dkt. 121. Further, granting the requested 28-day extension—which is less than half of the extension to the dispositive motion deadline that the parties sought previously—does not require changing the trial date and leaves 108 days for this Court to rule and the parties to prepare for any necessary trial.

12. Defendant seeks the extension to allow completion of depositions before the deadline and to avoid prejudice to Defendant's constitutional rights. Defendant has substantial First Amendment defenses that are at issue, including a dispositive defense which judges of the Tenth Circuit appeared to find persuasive. *See, e.g.*, *Tucker v. Faith Bible Chapel*, 53 F.4th 620 (10th Cir. 2022) (Bacharach, J., joined by Tymkovich, J., and Eid, J., dissenting from denial of en banc rehearing). Defendant seeks sufficient opportunity to finish developing the record, including by deposing Plaintiff, to ensure its constitutional rights receive full consideration and appropriate protection.

13. Further, Magistrate Judge Varholak has set a hearing for January 30, 2024, just 10 days before the current dispositive motions deadline. Extending the deadlines will avoid unnecessary costs to the parties and inefficiencies to this Court if settlement can be reached.

14. As explained above, good cause exists for the requested extension. While Plaintiff does not consent to this motion, he joined Friday's joint motion for a 60-day extension of the same deadline, showing that an extension will not prejudice him nor unduly delay these proceedings.

15. Since this Court entered the Amended Scheduling Order, Dkt. 102, the parties have obtained one unopposed extension to submit rebuttal expert disclosures, Dkt. 113, which the Court granted, Dkt. 115. The only other extension sought by the parties was the unsuccessful joint motion for a 60-day extension, Dkt. 121, which the Court denied, Dkt. 122.

WHEREFORE, Defendant respectfully requests that the Court set a new dispositive motion deadline of **March 8, 2024**.

Respectfully submitted,

*s/ Christopher N. Loy, Jr.*
Robert W. Hatch, II
Christopher N. Loy, Jr.
HATCH RAY OLSEN CONANT LLC
730 Seventeenth Street, Ste. 200
Denver, Colorado 80202
T: (303) 298-1800
E: rhatch@hatchlawyers.com
cloy@hatchlawyers.com
*Attorneys for Defendant*