

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

January 23, 2024

The Honorable R. Brooke Jackson
Alfred A. Arraj United States Courthouse A938
Courtroom A902
901 19th Street
Denver, CO 80294-3589

Re:   *Tucker v. Faith Bible Chapel International*, No. 1:19-cv-01652-RBJ
      Letter of Intent to File Motion for Summary Judgment

Dear Judge Jackson,

In light of this Court's January 21 and January 23 orders, *see* Dkts. 122, 124, Defendant Faith Bible Chapel respectfully submits this letter expressing its intent to file a motion for summary judgment raising the defenses below.

**(1) Tucker's claims are barred by the ministerial exception.**

"[C]ourts are bound to stay out of employment disputes involving" religious institutions and their ministers. *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020). A "minister" includes "any employee" who is expected by his religious employer to hold a position "important to the spiritual and pastoral mission" of the employer. *Skrzypczak v. Roman Catholic Diocese*, 611 F.3d 1238, 1244 (10th Cir. 2010); *Fitzgerald v. Roncalli High School*, 73 F.4th 529, 532 (7th Cir. 2023).

As Tucker represented to the Supreme Court and Tenth Circuit, this issue is now ripe for this Court's resolution. Tucker explained that it would be "hard to image an order more tentative than" this Court's prior ruling on the ministerial exception, which had "refus[ed] to decide [the] issue at all," and so "[o]nce remanded, the district court may again consider, and rule on, [Faith Bible's] ministerial-exception defense." Tucker's Br. 26, *Faith Bible Chapel v. Tucker*, 143 S. Ct. 2608 (2023), https://bit.ly/3Hx4kls; Tucker's En Banc Br. 6, *Tucker v. Faith Bible Chapel*, 36 F.4th 1021 (10th Cir. 2022) ("the district court did not decide the issue at all"), https://bit.ly/3vPBL07. Thus, while this Court's earlier ruling conclusively resolved Faith Bible's ability to avoid merits discovery, Tucker's ministerial status remains to be resolved on the full record. And the admissions and evidence developed during discovery indisputably show Faith Bible expected Tucker to perform important religious duties, and that he did so. *See* Dkt. 118-1 (examples of new evidence).

**(2) Tucker's claims are barred by the church autonomy doctrine.**

Under "the general principle of church autonomy," the Religion Clauses protect a religious organization's "independence in matters of faith and doctrine and in closely linked matters of internal government." *Our Lady*, 140 S. Ct. at 2061. This ensures that "churches have autonomy in making decisions regarding their own internal affairs." *Bryce v. Episcopal Church*, 289 F.3d 648, 656-60, 655 (10th Cir. 2002). Even where the plaintiff is not a minister, claims challenging religious organizations'



The Honorable R. Brooke Jackson
Alfred A. Arraj United States Courthouse A938
Courtroom A902

"personnel decision[s]" are precluded unless those decisions were driven by "purely secular" reasons. *Id.* at 657-58. This case concerns an internal religious dispute with a leader of a church-run school arising from the religious message of his chapel service, and his ensuing disruptive conduct that did not seek reconciliation as required by Faith Bible's beliefs. Nothing about those circumstances is secular, much less "purely secular," and so Tucker's claims are barred.

**(3) Tucker's claims are barred by the freedom of association.**

The First Amendment prohibits courts from "[f]orcing a group to accept certain members" where that would alter the group's ability "to express those views, and only those views, that it intends to express." *Boy Scouts of America v. Dale*, 530 U.S. 640, 648 (2000). "That principle applies with special force with respect to religious groups, whose very existence is dedicated to the collective expression and propagation of shared religious ideals." *Hosanna-Tabor v. EEOC*, 565 U.S. 171, 200 (Alito, J., joined by Kagan, J., concurring). Forcing Faith Bible, an obvious expressive religious association, to retain Tucker, a religious leader in open conflict with Faith Bible, would violate that constitutional prohibition.

**(4) Tucker's claims are barred by RFRA.**

The Religious Freedom Restoration Act (RFRA) "operates as a kind of super statute" that applies to all federal law and can "supersede Title VII's commands in appropriate cases," like this one. *Bostock v. Clayton County*, 140 S. Ct. 1731, 1754 (2020). RFRA provides "very broad protection for religious liberty" by exempting religious objectors from federal laws that substantially burden the exercise of their religious beliefs. *Burwell v. Hobby Lobby Stores*, 573 U.S. 682, 693 (2014). Under RFRA, such burdens are permissible only if necessary to further a compelling interest. 42 U.S.C. § 2000bb-1(b). Here, it would be a substantial burden to force Faith Bible to retain a senior employee who openly opposed Faith Bible and its beliefs in a way that damaged its religious community. And no interest can justify requiring a church-school to employ a senior leader opposing its religious beliefs.

**(5) Tucker has no viable Title VII claim.**

  a. Tucker's claim is barred by Title VII's religious exemption.

Title VII does not apply to "religious organizations" or religious "educational institution" when those entities make "employment" decisions concerning employees of "a particular religion." 42 U.S.C. §§ 2000e-1(a); 2000e-2(e)(2). "Religion" includes "all aspects of religious observance and practice, as well as belief." *Id.* § 2000e. As explained above, Faith Bible separated with Tucker for several religious reasons. Thus, it took an employment action based on religious belief, observation, or practice, and its action is exempt from Title VII. Nor can Tucker ask this Court to second-guess Faith Bible's religious motivations here without overstepping statutory and constitutional bounds. *See Curay-Cramer v. Ursuline Acad. of Wilmington*, 450 F.3d 130, 141 (3d Cir. 2006).



The Honorable R. Brooke Jackson
Alfred A. Arraj United States Courthouse A938
Courtroom A902

     b. <u>Title VII claim is legally deficient.</u>

Tucker failed to establish a prima facie Title VII retaliation claim that he engaged in "protected opposition to discrimination" and there was a causal connection between the complained-of discrimination and the alleged adverse employment action. *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019). For instance—setting aside that Faith Bible categorically rejects any suggestion that it would condone racism, a sin which is antithetical to its beliefs and one which it wholly condemns—the evidence will show that Faith Bible did not engage in prohibited employment discrimination. Rather, Tucker's complaints concerned alleged student conduct, not conduct by Faith Bible employees. *See Lamb v. Montrose Cnty.*, No. 19-1275, 2022 WL 487105, at *4 (10th Cir. 2022) ("The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual."); *Logan v. City of Chicago*, 4 F.4th 529, 538-39 (7th Cir. 2021). His complaints fall outside of Title VII's protection because they don't concern "unlawful employment practice[s]." 42 U.S.C. § 2000e-3. Further, the facts show that, when instances of student misconduct were brought to Faith Bible leadership's attention, it responded reasonably. *See Adler v. Wal-Mart Stores*, 144 F.3d 664, 676 (10th Cir. 1998) (no Title VII violation where employer takes action "reasonably calculated to end the harassment"). Finally, as explained above, Faith Bible parted ways with Tucker for religious reasons, not the student complaints that he identified. *See Young v. Dillon Cos.*, 468 F.3d 1243, 1249-50 (10th Cir. 2006) (plaintiff bears burden to prove dispute of fact exists as to whether proffered justification for separation was pretext).

     c. <u>Tucker's corresponding state law claim fails.</u>

Tucker's Colorado common law claim was premised on his dismissed Title VI claim, *see* Dkt. 13 at 22-23, and therefore likewise fails. It further fails for the reasons articulated above.

                  Respectfully submitted,

                        /s/ *Daniel H. Blomberg*
                        Daniel H. Blomberg
                        THE BECKET FUND FOR RELIGIOUS LIBERTY
                        1919 Pennsylvania Ave. NW, Suite 400
                        Washington, D.C. 20006
                        Phone Number: (202) 349-7222
                        dblomberg@becketlaw.org